IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Curtis T. Fowler, | ) | C/A No.: 1:19-2335-DCN-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| Warden Lewis, Associate Warden Early, Associate Warden Duffy, Major Bennett, Captain Harouff, Head Nurse Burgess, Nurse Enloe, Nurse James, Service Supervisor Lim, and Nurse Troll, | ) | ORDER AND NOTICE |
| Defendants. | ) | |

Curtis T. Fowler ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

Plaintiff is an inmate at Perry Correctional Institution and alleges he has suffered cruel and unusual punishment since October 5, 2018, while housed in solitary confinement. [ECF No. 1 at 9]. He asserts Warden Lewis, Associate Warden Ford, Associate Warden Duffy, Major Bennett, Captain

Harouff, Head Nurse Burgess, Nurse Enloe, and Nurse James deprived him of proper medical care, recreation, exercise, fresh air, and sunlight. *Id.* Plaintiff contends Service Supervisor Lim served him hard, cold, raw, sour, and inadequate food and spoiled milk. *Id.* at 9–10. He alleges Nurse Burgess and Nurse Enloe deprived him of proper medical care after "finding out Plaintiff['s] body would not digest the sour raw meat and blood pressure being extremely high." *Id.* at 10. Plaintiff asserts Nurse James and Nurse Troll refused to treat him in July 2018 when he suffered a mild heart attack. *Id.* He alleges Captain Harouff has permitted Plaintiff to live in an unhealthy and unsanitary environment by "failing and/or refusing to conduct cell cleaning, laundry cleaning, and hair cuts and shaves for the segregated." *Id.*

Plaintiff asserts Defendants' actions have caused him back, hip, knee, and joint pain, loss of vitamin D, significant weight loss, malnutrition, indigestion, chest pain, infections, itchy and irritated skin, cysts, rash, loss of feeling, trauma, stress, depression, anxiety, and fear. *Id.* at 11. He seeks monetary damages and a preliminary and permanent injunction. *Id.* at 12.

II. Discussion

    A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against

2

possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B. Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

To assert a viable § 1983 claim against a particular public official, Plaintiff must allege a causal connection or affirmative link between the conduct of which he complains and the official sued. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (providing that a plaintiff in a § 1983 action must plead

4

that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (holding a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)); *Vinnedge*, 550 F.2d at 928 (finding for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights).

In addition, Plaintiff must show Defendants acted with deliberate indifference. *See Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992). To show deliberate indifference, an inmate must establish two requirements: (1) objectively, the deprivation suffered or injury inflicted was "sufficiently serious," and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). Objectively, the court must assess "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone*

unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (emphasis in original).

To challenge prison conditions, Plaintiff must show "evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993) ("The Eighth Amendment does not prohibit cruel and unusual prison conditions; it prohibits cruel and unusual punishments. If a prisoner has not suffered serious or significant physical or mental injury as a result of the challenged condition, he simply has not been subjected to cruel and unusual punishment within the meaning of the Amendment.").

Plaintiff's conclusory assertion that Defendants were deliberately indifferent is insufficient to meet this standard. Plaintiff must allege facts explaining how each defendant disregarded a known risk and how that action violated his constitutional rights and resulted in a serious or significant injury. Plaintiff fails to allege exactly how Defendants' actions violated his constitutional rights and how his injuries resulted from the alleged constitutional violations. Accordingly, Plaintiff fails to state a claim against Defendants and his complaint is subject to summary dismissal.

In addition, Defendants are immune from Plaintiff's claims for damages in their official capacities under the Eleventh Amendment. The Eleventh

Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The United States Supreme Court has long held the Eleventh Amendment also precludes suits against a state by one of its own citizens. *See Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). This immunity extends not only to suits against a state per se, but also to suits against agents and instrumentalities of the state. *Cash v. Granville Cnty. Bd. of Ed.*, 242 F.3d 219, 222 (4th Cir. 2001).

Plaintiff alleges Defendants "were acting under color of state law as prison officials" when they violated his constitutional rights. [ECF No. 1 at 10]. Because Defendants are state employees, when acting in their official capacities, they are considered an arm of the state and not a "person" within the meaning § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a state nor its officials acting in their official capacities are 'persons' under § 1983.").

A state cannot, without its consent, be sued in a United States district court by one of its own citizens upon the claim that the case is one arising under the Constitution and laws of the United States. *Edelman*, 415 U.S. at 663. The State of South Carolina has not consented to be sued in this case. *See* S.C. Code Ann. § 15-78-20(e). Thus, as arms of the state, Defendants are immune from

Plaintiff's claims for damages against them in their official capacities.

To the extent Plaintiff purports to seek injunctive relief, nothing in the complaint specifies the injunctive relief he requests nor has he pled the necessary elements for a preliminary or permanent injunction. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."); *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (holding a plaintiff seeking a permanent injunction must demonstrate he has suffered an irreparable injury, available remedies are inadequate to compensate for that injury, a remedy at equity is warranted, and the public interest would not be disserved by the permanent injunction).

Accordingly, Plaintiff's claims against Defendants in their official capacities are subject to summary dismissal.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by September 12, 2019, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading

8

ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

*Shiva V. Hodges*

August 22, 2019  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge